

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00304-CR

JALEN SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2017-412,116, Honorable William R. Eichman II, Presiding

February 22, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Jalen Smith, appellant, appeals his conviction for aggravated robbery after a jury found him guilty. Through two issues, appellant contends that the trial court erred by instructing the jury on law of parties and conspiracy, and trial counsel was ineffective. We affirm.

*Issue One – Instruction on Law of Parties and Conspiracy*

Appellant contends that the State indicted him on the theory that he acted alone in robbing Mason Walker. However, during trial, the State added the theory of party liability.

According to appellant, "there was never a scintilla of evidence put forth that [he] solicited, encouraged, directed, aided or attempted to aid another person to commit aggravated robbery. There was no evidence that anyone did the same to promote or assist [him] in committing aggravated robbery." Furthermore, the trial court "instructed the jury that they could find [appellant] guilty as a party or a principle [and] under the felony accomplice rule if they found that the robbery had been committed in the course of a conspiracy to commit another felony." There was no evidence presented on these alternative theories which caused appellant egregious harm because it lessened the State's burden allowing the jury to convict him one of three ways (principle, party, or felony accomplice) non-unanimously, he contends.

However, appellant admits "[t]his type of error has typically been held harmless if clear evidence of guilt as the principle was presented to the jury." Appellant, nevertheless, requests this court "to reconsider this line of reasoning in light of the current science regarding eyewitness identification and the fact that [appellant] vehemently denied committing the robbery to the arresting officer, even going so far as to ask them to scientifically test the shotgun which was used in the robbery."

Where evidence clearly supports a jury finding that appellant is guilty as the principal actor, any error in charging on the law of parties is harmless. *See Cathey v. State,* 992 S.W.2d 460, 466 (Tex. Crim. App. 1999); *Brooks v. State,* No. 07-09-0369-CR, 2010 Tex. App. LEXIS 6218, at *7-8 (Tex. App.—Amarillo Aug. 3, 2010, no pet.) (mem. op., not designated for publication) (involving a law of party instruction in the charge); *Gilmore v. State*, 397 S.W.3d 226, 245-46 (Tex. App.—Fort Worth 2012, pet. ref'd) (involving law of party instruction under the section of the Penal Code pertaining to

conspiracy). We decline appellant's invitation to reconsider this rule given that it emanated from the Court of Criminal Appeals and we are bound to follow its precedent.

Here, the jury was instructed that appellant acted as the principal actor in committing the alleged offense. The record contained an abundance of evidence that appellant was guilty as the principal actor in the aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011) (defining aggravated robbery as intentionally or knowingly threatening or placing another in fear of imminent bodily injury or death while 1) in the course of committing theft, 2) with the intent to obtain or maintain control over the property, and 3) using or exhibiting a deadly weapon). In particular, the victim (Mason) testified to being robbed at gun point and to appellant being the person who did it. Furthermore, appellant was found in Mason's car attempting to leave the scene as the police arrived. In that car were a shotgun, shotgun shells, Mason's wallet and a tool bag taken from another vehicle in the parking lot. Appellant admitted to breaking into the latter car and taking the shotgun and shells. Several shotgun shells also were found on his person at the time of his arrest. Appellant also apologized to Mason. Given this evidence and assuming arguendo that the trial court erred in submitting the party charge, the error was harmless. Thus, we overrule the issue.

*Issue Two – Ineffective Assistance of Counsel*

In his second issue, appellant argues that this court should consider trial counsel ineffective for failing to object to the charge. We overrule the issue.

To prevail on an ineffective assistance of counsel claim, the claimant must prove, by a preponderance of the evidence, that 1) counsel's representation fell below an objective standard of reasonableness, and 2) the deficient performance prejudiced the

3

appellant. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Failure to make the required showing of either deficient performance or sufficient prejudice is fatal to the claim. *See id.* Additionally, prejudice consists of a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *See id.*

There is little likelihood that omitting the party charge would have affected the outcome in any way. As previously discussed, more than ample evidence illustrates that appellant was the primary actor in the aggravated robbery. So, had counsel objected and succeeded in displacing the party charge, appellant would have remained susceptible to conviction for aggravated robbery.

We affirm the judgment of the trial court.

Per Curiam

Do not publish.

4